UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
SKADDEN, ARPS, SLATE, MEAGHER & :
FLOM LLP SAVINGS PLAN, an Employee :
Retirement Trust, by its Trustees, :
: **MEMORANDUM AND ORDER**
Plaintiff, : 13-CV-6281(DLI)(VVP)
:
-against- :
:
ABDUL MALIK LITTLE and CHRISTOPHER :
JACKSON, :
:
Defendants. :
------------------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

Plaintiff Skadden, Arps, Slate, Meagher & Flom Savings Plan ("Skadden" or the "Savings Plan") filed the instant interpleader action seeking a determination as to the appropriate recipient of certain Savings Plan benefits. (*See generally* Complaint ("Compl."), Dkt. Entry No. 1.) Defendants Abdul Malik Little ("A.M. Little") and Christopher Jackson ("Jackson") are named beneficiaries of a particular account managed by the Savings Plan. (Compl. ¶ 9.) Skadden moves for summary judgment and default judgment against Jackson, contending that Jackson is not entitled to receipt of any benefits under the Savings Plan under New York's "Slayer Rule." (*See* Mem. of L. in Supp. of Pl.'s Mot. for J. ("Pl. Mem."), Dkt. Entry No. 15-1.) A.M. Little submitted a *pro se* letter in support of Skadden's motion. (*See* Jul. 3, 3014 Letter by A.M. Little ("A.M. Little Ltr."), Dkt. Entry No. 16.) Jackson has failed to appear in this action. For the reasons set forth below, Skadden's motion for summary judgment and motion for default judgment against Jackson is granted.

1

## BACKGROUND

The facts underlying this action are not in dispute. Rosemarie Little ("Little") was an employee of the law firm of Skadden, Arps, Slate, Meagher & Flom LLP. Little participated in the Savings Plan through a 401(k) account. Little designated A.M Little, her son, and Jackson, her grandson, as beneficiaries of her account in the case of her death. Little specified that, in the case of her death, A.M. Little would receive 75% and Jackson would receive 25% of any of her accumulated benefits. On July 18, 2013, Jackson pled guilty to manslaughter with the intent to cause physical injury in connection with Little's death. The Savings Plan has not distributed Jackson's share of the benefits.

The Savings Plan filed this action to seek a ruling from this Court permitting the Savings Plan to distribute Jackson's share of the benefits to A.M. Little. Skadden served copies of the complaint and motion papers on Jackson at his place of incarceration. To date, Jackson has failed to appear in this action.

## LEGAL STANDARDS

### I. Default Judgment

"The dispositions of motions for entries of defaults and default judgments and relief from the same under Rule 55(c) are left to the sound discretion of a district court," *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95 (2d Cir. 1993), and "district courts regularly exercise their discretion to deny technically valid motions for default." *Sony Corp. v. Elm State Elecs., Inc.,* 800 F. 2d 317, 319 (2d Cir. 1986). The Second Circuit has also "expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not by default." *Dunkin' Donuts Franchised Restaurants LLC v. Got-A-Lot-A-Dough, Inc.*, 2008 WL 4861968, at *2 (E.D.N.Y.

Oct. 31, 2008) (quoting *Azikiwe v. Nigeria Airways Ltd.,* 2006 WL 2224450 (E.D.N.Y. July 31, 2006)).

With respect to motions for entries of default, district courts consider three factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Id*. at *3 (quoting *Diakuhara,* 10 F. 3d at 96). Courts may also consider other equitable factors, including whether "the entry of default would bring about a harsh or unfair result." *Id.* (quotation omitted). "[D]efaults are generally disfavored and are reserved for rare occasions [and] when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Id.* (quotation omitted). Defaults "are particularly disfavored when substantial rights are implicated or when substantial sums of money are demanded." *Id.* (quotation omitted).

## II. Summary Judgment

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp*., 482 F. 3d 184, 202 (2d Cir. 2007) (internal quotations omitted). A fact is "material" within the meaning of Rule 56 when its resolution "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. To determine whether an issue is genuine, "[t]he inferences to be drawn from the underlying affidavits,

3

exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the party opposing the motion." *Cronin v. Aetna Life Ins. Co.*, 46 F. 3d 196, 202 (2d Cir. 1995) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam) and *Ramseur v. Chase Manhattan Bank*, 865 F. 2d 460, 465 (2d Cir. 1989)). "[T]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The moving party bears the burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrates the absence of a genuine issue of fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted). Once the moving party has met its burden, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted). The nonmoving party must offer "concrete evidence from which a reasonable juror could return a verdict in [its] favor." *Anderson*, 477 U.S. at 256. The nonmoving party may not "rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible, or upon the mere allegations or denials of the nonmoving party's pleading." *Ying Jing Gan v. City of New York*, 996 F. 2d 522, 532-33 (2d Cir. 1993) (citations and internal quotations omitted). "Summary judgment is appropriate only '[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F. 3d 134, 141 (2d Cir. 2012) (quoting *Matsushita*, 475 U.S. at 587).

# DISCUSSION

As a preliminary matter, the Clerk of the Court entered a notation of default against Jackson for his failure to appear. (*See* May 22, 2014 Order, Dkt. Entry No. 14.) It appears that the default was willful as Jackson declined to respond to the complaint and the instant motion. Moreover, as set forth below, Jackson has no meritorious defense. Under these circumstances, the Court grants default judgment in Skadden's favor.

In a related case, another judge from this District explained that, under New York's "Slayer Rule," an individual who causes the death of the insured cannot recover under the insured's insurance policy. *See Metropolitan Life Ins. Co. v. Little*, 2013 WL 4495684, at *2 (E.D.N.Y. Aug. 17, 2013). Similarly, "federal law recognizes the equitable principle that 'no person should be permitted to profit from his own wrong.'" *Id*. at 3 (quoting *Prudential Ins. Co. v. Tull*, 690 F. 2d 848, 849 (4th Cir. 1982)). Turning to this case, Jackson pled guilty to first degree manslaughter in connection with Little's death. A conviction for manslaughter triggers the "Slayer Rule." *See Mendez-Bellido v. Bd. of Trusttes of Div. 1181*, 709 F. Supp. 329, 330-34 (E.D.N.Y. 1989) (applying New York's Slayer Rule to disqualify an individual who was convicted of manslaughter from receipt of pension). Thus, Jackson is disqualified from receipt of his designated share of Little's 401(k) benefits with the Savings Plan.

The only outstanding issue is the remedy. A.M. Little is the only other designated beneficiary to Little's 401(k) account. Little submitted a letter to this Court in support of Skadden's motion and requesting that he be designated the recipient of Jackson's share of Little's 401(k) account. The Court sees no reason to deny this request, particularly in light of the resolution of *Little*, which involved claims of the same defendants to the proceeds of Little's life insurance policy. *See Little*, 2013 WL 4495684, at *2-4 (ordering Little's life insurance provider

to deposit Jackson's share of Little's life insurance proceeds into an account with the Court for immediate release to A.M. Little, the sole other designated beneficiary under Little's life insurance policy).

## CONCLUSION

For the reasons set forth above, Skadden's motion for summary judgment and for default judgment against Jackson is granted. Skadden shall deposit the remainder of Little's 401(k) account into an account with the Court for immediate distribution to A.M. Little.

SO ORDERED.

Dated: Brooklyn, New York
       March 6, 2015

/s/
DORA L. IRIZARRY
United States District Judge